## Case No. 8,258.

LEONARD v. LYCOMING FIRE INS. CO.

[10 Chi. Leg. News, 22; 6 Am. Law Rec. 194.]

Circuit Court, N. D. Ohio. 1877.

PRACTICE AND PLEADING — CONFORMITY TO STATE COURT UNDER ACT OF CONGRESS — SERVICE OF PROCESS — FOREIGN CORPORATION — WRITTEN CONSENT TO SERVICE FILED—SERVICE ON AGENT.

[1. Rev. St. U. S. § 914, providing that the practice, pleadings, and forms and mode of proceedings in the federal courts shall conform to those of the state courts within which the court is held, does not apply to the service of process.]

[2. A federal court cannot obtain jurisdiction of a foreign insurance company by the service of process on a general agent within the state, under a state statute providing that foreign insurance companies doing business within the state shall file a written instrument with the superintendent of insurance, authorizing any agent of such company in the state to acknowledge service of process for such company, and consenting that such service of process shall be as valid as if made upon the company itself.]

[This was a motion to set aside a writ of summons by one Leonard against the Lycoming Fire Insurance Company.]

Before WALKER, District Judge.

The defendant is a corporation organized under the laws of Pennsylvania, having its principal place of business in said state, and therefore a citizen of Pennsylvania. The defendant had a general agent, who resided and had a place of business in the city of Cleveland. The summons in the case was served on this agent at the city of Cleveland. The defendant files this motion, and alleges as the ground thereof that it cannot be sued outside the district in which it resides in the state of Pennsylvania. The statute of the United States (18 Stat. 470) provided that "no civil suit shall be brought before either of said courts (district or circuit) against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving such process or commencing such proceedings." These are the precise words contained in the eleventh section of the act of 1789 [1 Stat. 78]. Under that section it has uniformly been held that a corporation could not be sued outside of the district of which it was an inhabitant, even though its officers or agents might be found and served in the other district in which the suit was brought; and that corporations cannot change their residence by mere locality of its officers. See Pomeroy v. New York & N. H. R. Co. [Case No. 11,261], and cases there cited. The legislature of Ohio (volume 70, p. 151), in the act regulating insurance companies, provides as to foreign insurance companies doing business in Ohio, that they should file a written instrument with the superintendent of insurance authorizing any agent of such company in said state to acknowledge service of process for such company, and consenting that service of process upon any such agent shall be taken and held to be valid as if served upon the company, etc. This service was made under the provision of this act. It is conceded that if the suit were in a state court the service would be a good one, and the court would have jurisdiction of the case.

The act of congress of 1872 (Rev. St. p. 173) provides that "the practice, pleadings, and forms and mode of proceedings in civil cases, etc., shall conform as near as may be to the practice, and pleadings, and forms and modes of proceedings existing at the time in like causes in courts of record of the state within which such district or circuit court is held." It is claimed that under this statute the state mode of service is adopted and which gives jurisdiction of this court in this case. It has been held that the act of 1872 does not change the jurisdiction of the federal courts in respect to the necessary citizenship of the parties suing therein. Nazro v. Cragin [Case No. 10,062]; Main v. Second Nat. Bank [Id. 8,976]; Chittenden v. Darden [Id. 2,688]; Minot v. Philadelphia, W. & B. R. Co. [Id. 9,645]. The eleventh section of the act of 1789 is re-enacted by congress in 1875 [18 Stat. 470], after the passage of the act of 1872, and if the act of 1872 has changed the act of 1789, it was restored in 1875.

Held: 1st. That the statute of the state does not apply to cases in this court as to the service of process, and that the question made is one of jurisdiction. The statutes of the United States prescribe the jurisdiction of its courts.

2nd. That the court does not obtain jurisdiction of a corporation, an inhabitant of another state, by service of process on its agent in this district. The writ is therefore set aside, and the case dismissed.